POST et al. v. BURNHAM et al.

(Circuit Court of Appeals, Third Circuit. November 10, 1897.)

No. 9.

SALE—WARRANTY OF TITLE—EVIDENCE.

In an action to recover damages for alleged breach of warranty of title upon a sale of certain locomotives, *held*, on the evidence, consisting of certain correspondence between the parties, that the sale was not made by defendants to plaintiffs, but to a railroad company, from which plaintiffs subsequently purchased, and that defendants were therefore not liable because of a failure of title.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action by Henry A. V. Post and Charles C. Pomeroy, as surviving partners of the firm of Post, Martin & Co., against George Burnham and others, trading as Burnham, Williams & Co., for breach of an implied warranty of title

arising upon an alleged sale of four locomotives by defendants to plaintiffs. In the circuit court the judge directed a verdict for defendants, and the plaintiffs have appealed.

The real question in issue between the parties was whether the plaintiffs in fact purchased the locomotives of the defendants; defendants claiming that the purchase was made by plaintiffs from the Toledo, Ann Arbor & North Michigan Railway Company, to which the defendants had previously sold the locomotives. There was no question that the original sale by defendants was made to the railway company, and that the locomotives were shipped to them in November, 1892, and put in use on its road. From that time, defendants were pressing the railroad company for payment. Thus, on February 28, 1893, they wrote to the railroad company's general manager as follows:

"Dear Sir: We hand you herewith statement of account, showing amount due on engines shipped to your company in November, say $37,780, for which we shall be pleased to receive remittance, as we are not in funds. Trusting that we shall hear from you at an early date, we are," etc.

To this letter the general manager replied: "I have your letter of the 28th ult., with invoice. As soon as the engines are received, I will send this invoice to New York for payment."

On March 16, 1893, Post, Martin & Co., of New York, whose survivors are plaintiffs herein, addressed the following letter to the defendants:

"Gentlemen: We have arranged with Vice President Ashley, of the T., A. A. & N. M. Ry. Co., to pay for locomotives 37, 38, 39, and 40, which have been delivered his road from your works. Please, therefore, send us an invoice in our name of said locomotives,—such invoice to be in substitution for and cancellation of any previously rendered invoice of said company,—and we will remit the same in due course. Mr. Ashley will address you on the subject, in conformity with this letter."

On receipt of the foregoing letter the defendants addressed to Mr. Ashley, president of the railroad company, the following:

"Dear Sir: We are requested by Post, Martin & Co., of New York, to send them invoices for engines 37, 38, 39, and 40, recently delivered to your company, as they have arranged to make settlement. Kindly confirm this, and have invoices already rendered for these engines returned to us."

To this Mr. Ashley replied by telegram as follows:

"Post, Martin & Co. notification correct, and duly authorized."

Thereupon defendants wrote to Post, Martin & Co. as follows:

"Gentlemen: We duly received your favor of March 16th, advising us that you have arranged with Mr. Ashley, of the T., A. A. & N. M. Ry. Co., to pay for locomotives 37, 38, 39, and 40, recently delivered to them, and requesting invoices. We at once wrote for the return of the original invoices, but have not yet received them. In the meantime, however, we hand you invoices in your name, and will cancel the originals as soon as received from the Railroad Co."

Accompanying this letter were invoices made out to Post, Martin & Co. On March 28, 1893, the defendants again wrote to Post, Martin & Co. as follows:

"Gentlemen: We have your favor of March 27, and think we can explain the difference in the price of the engines as per invoices furnished by us, and the price named to you by the Railroad Co. The brakes for engines 37, 38, 39, and 40 were furnished by the Railroad Co., and simply attached by us. Our price for Nos. 37 and 38 is therefore made up as follows: For each engine, $8,990.00, plus $105.00 for attaching brakes. For Nos. 39 and 40, each engine $9,690.00, plus $105.00 for attaching brakes. Probably, in the price named to you by Mr. Ashley, he has included the brakes themselves. We have not yet received the original invoices from the Railroad Co. If you see Mr. Ashley, kindly ask him to expedite the return of these invoices."

On April 7, 1893, Post, Martin & Co. addressed the following to defendants:

"Gentlemen: We beg to inclose the Railroad Equipment Co.'s check No. 672, $37,780, in payment of your invoice of Nov. 23rd, 1892, and Nov. 26th, 1892,

for four freight locomotives delivered under the series A/99 Car Trust, receipt of which please acknowledge. We return the original invoice of January 26th, 1893, made out to the Tol., A. A. & N. Mich. Ry., which invoice please cancel, and so record."

To which the defendants answered:

"Gentlemen: We have your favor of 7th inst., inclosing check to our order for $37,780, in payment for locomotives Nos. 37 to 40, inclusive, shipped in November of last year, for which please accept our thanks. We inclose formal receipt for same. As you advise, we have canceled our invoice of January 26th for $81,280, made against the Toledo, Ann Arbor & Northern Michigan R. R. Co."

On the same day the defendants wrote to Mr. Ashley as follows:

"Dear Sir: We have to-day received, through Messrs. Post, Martin & Co., remittance for $37,780, in settlement for the four locomotives, Nos. 37 to 40, inclusive; and, in accordance with your instructions, we have made and forwarded bills to them. Kindly let us know whether similar settlement will be authorized for locomotives Nos. 41 and 42, shipped February 22nd, and 43, and 44, shipped March 7th."

J. S. Clark and Richard C. Dale, for plaintiffs in error.

John G. Johnson, for defendants in error.

Before SHIRAS, Circuit Justice, and ACHESON and DALLAS, Circuit Judges.

DALLAS, Circuit Judge. This was an action to recover for breach of an implied warranty of title arising upon a sale of chattels alleged to have been made by the defendants below to the plaintiffs below. The question was as to whether the contract of sale alleged had in fact been made, and this question being, as was agreed, for determination by the court, upon the documentary evidence adduced, the learned judge held that the sale alleged had not been established; and, inasmuch as without such sale the implied warranty of title relied on could not exist, he directed a verdict for the defendants. The subject-matter of the alleged sale was four locomotives. That the defendants had sold them to the Toledo, Ann Arbor & North Michigan Railway Company is beyond question, as is also the fact that delivery of them had been made by the defendants to that company. It is also unquestioned that after the sale and delivery just mentioned the plaintiffs did purchase the same locomotives. They assert that they bought them from the defendants, but the defendants insist that the plaintiffs did not buy from them (the defendants), but from the railroad company before mentioned. This difference between the parties is the gist of the present controversy; and its right decision depends upon the effect which should be given to certain correspondence and other writings which are set forth at length in the record, but to which it is not necessary to refer with particularity. After careful examination of them, we have all reached the conclusion that a sale by the defendants to the plaintiffs does not appear, but that, on the contrary, it is quite apparent that the only sale to the plaintiffs was made by the railroad company, and that, as was said by the learned judge in the court below, "the defendants did no more than carry out the arrangement between the railroad company and the plaintiffs." The judgment is affirmed.